# EXHIBIT A

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| Ebony Appling, | : | |
| | : | CASE NO. 2020-CV-337309 |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| | : | JUDGE: Honorable Ural Glanville |
| | : | |
| Fulton County Board of Commissioners | : | |
| Chairman Robb Pitts, Liz Hausmann, Bob | : | |
| Ellis, Lee Morris, Natalie Hall, Marvin S. | : | |
| Arrington Jr., and Khadijah Abdur-Rahman | : | |
| in their individual and official capacities as | : | |
| members of the Fulton County Board of | : | |
| Commissioners; Fulton County Chief | : | |
| Human Resources Officer, Kenneth L. | : | |
| Hermon, Jr. in his individual and official | : | |
| capacity; Sheriff Fulton County Sheriff | : | |
| Patrick "Pat" Labat, in his official capacity | : | |
| his official, representative and individual | : | |
| capacity; and Fulton County, Georgia | : | |
| | : | |
| Defendants. | : | |

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, AND APPLICATION FOR WRIT OF MANDAMUS AND PROHIBITION**

INTRODUCTION

This action is brought to restrain the Fulton County Board of Commissioner Chairman Robb Pitts, Commissioner Liz Hausmann, Commissioner Bob Ellis, Commissioner Lee Morris, Commissioner Natalie Hall, Commissioner Marvin S. Arrington Jr., and Commissioner Khadijah Abdur-Rahman, collectively herein referred to as the "Fulton County Board of Commissioners" from exceeding its authority and to declare the abolishment of the Fulton County Personnel Board "Personnel Board" pursuant to Fulton County Resolution #19-0221 to be an

1

unconstitutional delegation of power and to be a nullity and for the Fulton County Personnel Board to be reinstated pursuant to Georgia Law Number 1341 the Fulton County Personnel Board and Merit System of Personnel Administration, General Assembly Act of 1982. Unless restrained the actions of Defendants Fulton County Board of Commissioners will chill and impact Plaintiff's due process rights. By this complaint Plaintiff seeks an order invalidating Fulton County Resolution #19-0221 and any and all procedures adopted pursuant to the same. This Complaint seeks a temporary and permanent order restraining the Office of the Administrative Hearing Officer, which is administered by Defendant Fulton County Chief Human Resources Officer, Kenneth L. Hermon, Jr. herein "Defendant Hermon" from conducting any hearings pursuant to Fulton County Resolution #19-0221. This Complaint further seeks a declaratory judgment invalidating and reversing any actions of the Office of the Administrative Hearing Officer which is administered by Defendant Hermon. Fulton County Resolution #19-0221 as created is unconstitutional, contrary to the Constitution of the State of Georgia, the Constitution of the United States, in particular the rights to due process under the Fourteenth Amendment of the United States Constitution and art. I, § I, para. I of the Georgia Constitution.

Plaintiff and Defendant Fulton County Sheriff have a contract that gives Plaintiff the right to a hearing before the Fulton County Personal Board to appeal any adverse disciplinary action made by Defendant Fulton County Sheriff. By acquiescing to Fulton County Resolution #19-0221 and the invalid Office of the Administrative Hearing Officer, Defendant Fulton County Sheriff breached his contractual obligations owed to the Plaintiff. Through the passage and implementation of Fulton County Resolution #19-0221, Defendants Hermon and Defendants Fulton County Board of Commissioners interfered with Plaintiff's contractual right to have a hearing before the Fulton County Personnel Board.

## JURISDICTION AND VENUE

1.

This is a civil action whereby Plaintiff seeks a writ of prohibition and/or mandamus together with declaratory judgment and preliminary and permanent injunctive relief restraining Defendants Fulton County Board of Commissioners, Defendant Hermon who oversees the Administrative Hearing Officer, its agents, servants and employees and those in active concert and with actual notice thereof, and Defendant Fulton County Sheriff (hereinafter collectively "Defendants), from acting in such a manner as to violate Plaintiff's right to Due Process of Law guaranteed under the Fourteenth Amendments to the United States Constitution and the Georgia Constitution. Plaintiff also seeks a declaratory judgment that Defendants Fulton County Board of Commissioners and Defendant policies and procedures implemented under Fulton County Resolution #19-0221, are unconstitutional and direct violations of Plaintiff's rights protected by the United States and the Georgia Constitution.

2.

This action also arises under the Fourteenth Amendment to the United States Constitution, and under federal law, particularly 42 U.S.C. § 1983.

3.

This action also arises under the Official Georgia Code Annotated § 9-6-40 et. seq. and § 9-6-20 et. seq.

4.

This Court is authorized to grant Plaintiff's prayer regarding costs, including reasonable attorney's fees, pursuant to 42 U.S.C. §1988.

5.

This Court is authorized to grant declaratory judgment under the Declaratory Judgment Act, O.C.G.A § 9-4-2 and to issue the preliminary and permanent injunctive relief requested under Rule 65 of the Georgia Rules of Civil Procedure.

6.

Each and all of the acts alleged hereafter were done by Defendants within this judicial district, specifically Fulton County, and under the color and pretense of the Georgia statutes, ordinances, regulations, customs and uses of law.

7.

The Office of the Fulton County Board of Commissioners is located within Fulton County. Commissioners Robb Pitts, Liz Hausmann, Bob Ellis, Lee Morris, Natalie Hall, Marvin S. Arrington Jr., and Khadijah Abdur-Rahman can be served with process in Fulton County at 141 Pryor Street, SW, Tenth Floor, Atlanta, Georgia 30303.

8.

The Office of the Chief Human Resources Officer Kenneth L. Hermon, Jr. is located within Fulton County and he can be served with process at 141 Pryor Street, SW, Suite 3030, Atlanta GA 30303.

9.

Sheriff Patrick "Pat" Labat is the Sheriff of Fulton County, Georgia and he may be served at his office on the Ninth Floor of 185 Central Ave SW, Atlanta, GA 30303

PARTIES

10.

Plaintiff hereby incorporates and adopts each and every allegation in preceding paragraphs numbered 1-8.

11.

Defendants Robb Pitts, Liz Hausmann, Bob Ellis, Lee Morris, Natalie Hall, Marvin S. Arrington Jr., and Khadijah Abdur-Rahman are elected commissioners who collectively make up the Fulton County Board of Commissioners. Defendant Robb Pitts Defendant is the Chairman of the Fulton County Board of Commissioners. Defendants Defendant Kenneth L. Hermon, Jr. is the Chief Human Resource Officer of Fulton County. Part of his duties includes administering the Administrative Hearing Officer system. Sheriff Patrick "Pat" Labat is the duly elected Sheriff of Fulton County, Georgia1.

FACTUAL BACKGROUND

12.

Plaintiff was hired by the Fulton County Sheriff's Office ("FCSO") on or about May 23, 2012.

13.

After finishing her probationary period, Plaintiff became a classified employee of Fulton County and the FCSO.

14.

Plaintiff has a property interest in her employment which is protected by her rights to due process under the Fourteenth Amendment of the United States Constitution and art. I, § I, para. I

---

1 When this civil action was initiated, Sheriff Theodore "Ted" Jackson served as the Fulton County Sheriff. On January 1, 2021, Sheriff Patrick "Pat" Labat entered office.

of the Georgia Constitution, and Georgia Law Number 1341 the Fulton County Personnel Board and Merit System of Personnel Administration, General Assembly Act of 1982.

15.

Pursuant to Georgia Law Number 1341 and policies promulgated from it, Plaintiff may only be disciplined for cause and may challenge an adverse disciplinary action taken against her by Fulton County or the Fulton County Sheriff.

16.

From 1982 until 2019, the mechanism for a classified Fulton County employee to challenge an adverse disciplinary action was via an appeal to the Fulton County Personnel Board.

17.

The Fulton County Personnel Board, a group of individuals appointed by the Defendants Board of Commissioners, would oversee the appeal and issue a decision either upholding or reversing the Appointing Authority's action. Said decision was binding and was appealable only to the Fulton County Superior Court by a writ of certiorari.

18.

In April 2019, pursuant to purported "Home Rule" powers, the Board of Commissioners, via Fulton County Resolution #19-0221, abolished the Personnel Board and replaced it with an Administrative Hearing Officer System.

19.

On August 24, 2018, law enforcement agents arrested Plaintiff and charged her with two felonies in Henry County, Georgia.

20.

Due to the arrest, on October 19, 2018 Defendant Sheriff Theodore "Ted" Jackson ("Sheriff Jackson") suspended Plaintiff for violating Fulton County Personnel Policy and Procedure 305-16 Art.3. A. (herein "Article 3") by being "Arrested and/or charged on a felony offense."[2]

21.

Sheriff Jackson also terminated Plaintiff for violation of FCSO SOP 3.01, Work Rule 2.08, Use of Drugs and Alcohol.

22.

Sheriff Jackson guaranteed Plaintiff she had a right to appeal the disciplinary actions to the Personnel Board.

23.

Plaintiff timely filed an appeal with the Personnel Board on October 29, 2018.

---

2 PP 3-5-16 Art.3. Provides: "A suspension without pay, pending disposition of case, is permitted up to only one (1) year, upon determination by the Appointing Authority, following prior notice and consultation with employee.  If after the period of suspension, the case is not resolved in one of the below manners, the Appointing Authority has the discretion to dismiss the employee.  Notice of the dismissal shall be required in the same manner as any notice of dismissal to a permanent Classified employee.  The following conditions shall apply when the pending felony offense is resolved unless the employee has already been separated from employment:

a. If convicted, dismissal.  No back pay.  No entitlement to reinstatement unless another resolution permitting reinstatement occurs within one (1) year from the first date of suspension.
b. If nolo contendere, dismissal.  No back pay.  No entitlement to reinstatement unless another resolution permitting reinstatement occurs within one (1) year from the first date of suspension.
c. If acquitted, nolle prosequi, failure to indict, failure to prosecute or otherwise disposed of without a conviction, reinstatement with back pay up to one year reduced by any income received during the period of unpaid suspension, subject to approval of the County Manager or his/her designee

24.

On October 24, 2019 when the underlying criminal matter was not resolved within a year, Sheriff Jackson terminated the Plaintiff pursuant to Article 3.

25.

Sheriff Jackson again guaranteed Plaintiff she had a right to appeal the disciplinary actions to the Personnel Board.

26.

Plaintiff timely filed an appeal on October 31, 2019.

27.

On January 23, 2020, the charges against Plaintiff were dismissed pursuant to a Nolle Prosequi Disposition Order presented by the Henry County District Attorney and signed by a Superior Court Judge.  Plaintiff is, in fact, innocent of the alleged crime.

28.

On February 7, 2020, Sheriff Jackson withdrew the dismissal pursuant to Violation of FCSO SOP 3.01, Work Rule 2.08, Use of Drugs and Alcohol. The dismissal pursuant to Article 3, however, remained.

29.

The Appeal Hearing before an Administrative Hearing Officer ("AHO") was heard on or about July 9, 2020.  Prior to the commencement of the hearing Plaintiff filed with Defendant Herman an objection to the hearing proceeding.

30.

The AHO upheld the termination on August 7, 2020.

31.

In abolishing the Personnel Board, the Board of Commissioners exceeded their legal authority. Such action constituted an impermissible overreaching act in violation of Georgia Constitution art. IX, § II, para. I(a ) and art. I, § I, para. I, and the Fourteenth Amendment to the United States Constitution.

32.

Plaintiff has a right to an appeal hearing before the Personnel Board, pursuant to rights afforded to her by the General Assembly and pursuant to her contractual agreement with the Fulton County Sheriff, and Fulton County Government. The current Fulton County Sheriff, Sheriff Patrick "Pat" Labat has declined to reinstate Plaintiff.

DECLARATORY RELIEF

33.

Plaintiff hereby incorporates and adopts each and every allegation in preceding paragraphs numbered 1- 32.

34.

Plaintiff submits and contends, as set forth above, that Fulton County Resolution #19-0221 specifically, the abolishment of the Personnel Board and the implementation of the Administrative Hearing Officer system is unlawful. A judicial declaration is therefore necessary and appropriate regarding the validity of Fulton County Resolution #19-0221.

INJUNCTIVE RELIEF

35.

Plaintiffs' hereby incorporates and adopts each and every allegation in preceding paragraphs numbered 1- 34.

36.

Fulton County Resolution #19-0221 and the policies and procedures promulgated pursuant to Fulton County Resolution #19-0221 conflict with the Georgia Constitution art. IX, § II, para. I(a ) and art. I, § I, para. I, and the Fourteenth Amendment to the United States Constitution.

37.

Plaintiff has no adequate remedy at law, in the absence of this Court's injunction, to prevent Defendants Fulton County Board of Commissioners and Defendant Hermon from acting unconstitutionally and exceeding their authority, and preventing the Office of the Administrative Hearing Officer from exceeding its jurisdiction. If the Court does not act, and the hearing before Plaintiff will be immediately and irreparably harmed.

WRIT OF MANDAMUS AND PROHIBTION PURSUANT TO O.C.G.A. § 9-6-20; O.C.G.A. § 9-6-40

38.

Plaintiff hereby incorporates and adopts each and every allegation in preceding paragraphs numbered 1- 37.

39.

A writ of mandamus is a remedy to be used on occasions where the law has established no specific remedy and justice requires it.

40.

The purpose of the writ is to enforce an established right or to enforce the performance of a duty.

41.

Pursuant to O.C.G. A § 9-6-20 a writ of mandamus may issue to compel a due performance if there is no other specific legal remedy for the legal rights.

42.

Plaintiff has a right to have her appeal heard by the Fulton County Personnel Board pursuant to Georgia Law Number 1341. Plaintiff seeks to require the performance of this legal duty.

43.

The AHO had no authority to hear Plaintiff's appeal.

44.

The AHO has no authority to issue an order on the Plaintiff's appeal.

45.

The Court should order Defendants Fulton County Board of Commissioners and Defendant Hermon to immediately cease all enforcement of Fulton County Resolution #19-0221 and direct that the Office of the Administrative Hearing Office cease to hold any administrative appeals pending further order of the Court.

46.

The Court should order Defendants Fulton County Board of Commissioners and Defendant Hermon to cease and desist from enforcing any of its policies and procedures which are in conflict with the United States Constitution and the Georgia Constitution alleged herein.

47.

The Court should order Defendants Fulton County Board of Commissioners and Defendant Hermon to reinstate the Fulton County Personal Board.

BREACH OF CONTRACT AND CONTRACT INTERFERENCE CLAIMS

48.

Plaintiff hereby incorporates and adopts each and every allegation in preceding paragraphs numbered 1- 47.

49.

Defendant Fulton County Sheriff entered into a contract with Plaintiff which guarantees her a hearing before the Personnel Board. Defendant Fulton County Sheriff expressly entered into such agreement when he issued disciplinary notices to Plaintiff informing she had a right to appeal the adverse disciplinary actions to the Personnel Board. Defendants Fulton County Board of Commissioners and Defendant Hermon acted to interfere with such agreement through the unlawful passage and institution of Resolution #19-0221.

50.

In support of this amended complaint Plaintiff has filed a brief which she incorporates into this action.

**WHEREFORE,** Plaintiff respectfully prays for judgment as follows:

1. That this Court issue preliminary and permanent injunctions restraining Defendants Fulton County Board of Commissioners and Defendant Hermon and all persons acting pursuant to their direction and control from taking any further steps to administer and/or enforce Fulton County Resolution #19-0221, including without limit investigating alleged violations and complaints; and to declare those procedures illegal.

2. That this Court issue a judgment declaring that Fulton County Resolution #19-0221 is unenforceable.

3. That this Court enter an order declaring the acts of Administrative Hearing Officer to be unconstitutional.

4. That this Court issue a writ of prohibition and a writ of mandamus ordering the Defendants Fulton County Board of Commissioners and Defendant Hermon to immediately to cease and desist from enforcing any and all of the Office of the Administrative Hearing Officers Rules of Procedures, including any hearings.

5. That this Court grant a temporary restraining order "TRO" or preliminary injunction staying or invalidating AHO's order upholding Defendant Fulton County Sheriff's termination of Plaintiff.

6. That this Court issue a writ of prohibition and a writ of mandamus ordering the Defendants Fulton County Board of Commissioners and Defendant Hermon to reinstate the Fulton County Personnel Board to hear Plaintiff's pending appeal.

7. That this Court give Plaintiff an opportunity to be heard via oral argument in regard to issuing a declaratory judgment; and at a later time to be heard on the relief sought in its totality.

8. That Plaintiff's contractual right to a hearing before a Personnel Board be strictly enforced.

9. That Defendants be ordered to pay damages to Plaintiff for the loss wages and any and all monetary loss incurred as a result of their invalid and illegal acts.

10. On each and every cause of action, that this Court grant such other, or further relief, as the Court may deem just and proper.

This 1st day of November, 2021.

/s/ *Meghan S. Jones*
_____
Meghan S. Jones
Georgia Bar # 807209
Attorney for Plaintiff

The Jones Law Firm, LLP
1269 Monroe Drive N.E.
Atlanta, Georgia 30306
(770) 716-1306, (404) 549-3036